## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOSEPH MALDONADO,

      Plaintiff,

v.                                          Case No.:

BMG RIGHTS MANAGEMENT LLC,
CREATE MUSIC GROUP, INC., TIGER
KING PUBLISHING, RIP ROARING
RECORDS LLC, AND VINCE JOHNSON,

      Defendants.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, the Plaintiff, JOSEPH MALDONADO (hereafter "MALDONADO"), by and through the undersigned counsel, and files this Complaint against Defendants, BMG RIGHTS MANAGEMENT LLC ("BMG"), CREATE MUSIC GROUP, INC. ("CREATE"), RIP ROARING RECORDS, VINCE JOHNSON ("JOHNSON"), and TIGER KING PUBLISHING and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Act of 1976, Title 17 U.S.C. §§101 *et seq*.

2.     This Court has subject matter jurisdiction over the copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338.

3.     This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332, because the Plaintiff is a citizen of Florida and the Defendants are comprised of citizens or corporations of the United States (New York, California and/or Washington). Moreover, the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(c)(1). The events that are the subject matter of the lawsuit occurred and are occurring in this judicial district. The Defendants have had sufficient contacts with the state of Florida and purposely availed themselves to the benefits and protections of Florida's State laws by establishing substantial contacts with Florida. These substantial contacts with Florida arise from and/or are directly pertaining to Plaintiff's cause of action. Additionally, the prisoner retains his pre-incarceration residence regardless of his place of incarceration, thus precluding prisoners from becoming residents of the district of incarceration for purposes of venue.

2

## THE PARTIES

7.     Plaintiff MALDONADO is a citizen and natural person who established residency prior to his incarceration in the State of Florida.

8.     Defendant BMG is a foreign for-profit limited liability company with its principal place of business located in New York, New York.

9.     Defendant CREATE is a foreign for-profit corporation with its principal place of business located in Los Angeles, California, in Los Angeles County.

10.    Defendant JOHNSON is a citizen and natural person whose residence is the state of Washington.

11.    Defendant TIGER KING PUBLISHING is a foreign for-profit limited liability company with its principal place of business located in New York, New York.

12.    Defendant RIP ROARING RECORDS LLC is a domestic limited liability company with a principal place of business located in Albany, New York.

## FACTUAL ALLEGATIONS

13.    For over 20 years, MALDONADO has used "Joe Exotic" and "Tiger King" as his professional names, stage names and aliases in connection with music, media, business, professional and personal dealings.  MALDONADO owns all publicity rights in and to the "Joe Exotic" and "Tiger King" names.

14.    In addition to copyrighting and trademarking the names, MALDONADO has also purchased the rights to commissioned musical compilations for his personal use.

15.    JOHNSON is a self-employed artist in the business of writing, performing and selling music, who earns his livelihood from fees obtained pursuant to these activities.

16.    Danny Clinton, a former bandmate of JOHNSON, is deceased.

17.    Defendants JOHNSON, TIGER KING PUBLISHING, BMG, RIP ROARING RECORDS and CREATE have knowingly and maliciously claimed ownership of, misused, published, disseminated, performed, sold and profited from musical compositions that contractually belong to MALDONADO.

18.    Additionally, JOHNSON has breached the terms of a confidentiality agreement which prevented disclosure of information associated with the subject music compositions when he participated in interviews with the media and by engaging in financial relationships with BMG, CREATE, RIP ROARING RECORDS and TIGER KING PUBLISHING wherein JOHNSON falsely claimed ownership of music compilations that contractually did not belong to him.  In doing so, JOHNSON, BMG, CREATE, RIP ROARING RECORDS and TIGER KING PUBLISHING have disparaged MALDONADO and the "Joe Exotic" and "Tiger King" brands. JOHNSON admitted he acted with intent so as to profit from

MALDONADO'S fame following the airing of Netflix's *Tiger King: Murder, Mayhem and Madness*.

19.     In or around 2013, MALDONADO and JOHNSON entered into a confidential agreement wherein JOHNSON would manufacture music compilations and / or songs for MALDONADO'S personal use. The manufacturing process was designed to provide MALDONADO exclusive rights to intellectual property, and among other things, allow MALDONADO the right to copyright master recordings in his own name. This exclusive right to copyright master recordings was explicitly outlined in five (5) binding Transfer of Music Rights Agreements ("Agreements"). Each Agreement provided that JOHNSON relinquish all copyright, publishing rights and all other related rights of the music and/or songs. All rights of the song would rest with the MALDONADO "in perpetuity in all jurisdictions and through all process" once the agreement was executed.

20.     In or around 2013, MALDONADO and JOHNSON and the Clinton Johnson Band entered into a Transfer of Music Rights Agreement specifically associated with the music compilation "I Saw a Tiger" ("I Saw a Tiger Agreement"). A copy of the I Saw a Tiger Agreement is attached hereto as Exhibit 1.

21.     In or around 2013, MALDONADO and JOHNSON and Danny Clinton entered into a Transfer of Music Rights Agreement specifically associated with the

music compilation "My First Love" ("My First Love Agreement"). A copy of the My First Love Agreement is attached hereto as Exhibit 2.

22.     In or around 2013, MALDONADO and JOHNSON and Danny Clinton entered into a Transfer of Music Rights Agreement specifically associated with the music compilation "GW and Me" ("GW and Me Agreement"). A copy of the GW and Me Agreement is attached hereto as Exhibit 3.

23.     In or around 2013, MALDONADO and JOHNSON and Danny Clinton entered into a Transfer of Music Rights Agreement specifically associated with the music compilation "Pretty Women Lover" ("Pretty Women Lover Agreement"). A copy of the Pretty Women Lover Agreement is attached hereto as Exhibit 4.

24.     In or around 2013, MALDONADO and JOHNSON and Danny Clinton entered into a Transfer of Music Rights Agreement specifically associated with the music compilation "The Sun Says" ("The Sun Says Agreement"). A copy of The Sun Says Agreement is attached hereto as Exhibit 5.

25.     In or around 2014, MALDONADO and Danny Clinton created the music compilation "Here Kitty Kitty" without the creative input of JOHNSON. "Here Kitty Kitty" was performed by MALDONADO'S band, Walking on the Edge, without JOHNSON.

26.     On February 6, 2014, MALDONADO AND JOHNSON entered into a Compensated Employee Confidentiality Agreement ("Confidentiality Agreement").

(See attached Exhibit 6.) The Confidentiality Agreement prohibited JOHNSON from disclosing or divulging any "trade secrets, confidential information or any other proprietary data." The Confidentiality Agreement included the aforementioned songs, proper utilization of music and even outlined the consequences for acts of fraudulent misrepresentation, tortious interferences with potential business relationships, and other various unfair business practices.

27.    The signed Confidentiality Agreement included a liquidated damages section. As such, each breach of the Confidentiality Agreement results in a payment, not a penalty, of one million dollars per occurrence. These payments were intended to remain confidential and would represent reasonable compensation. They would be paid as relief to MALDONADO.

28.    JOHNSON has unequivocally breached the terms of both the Confidentiality Agreement and all five (5) of the Agreements associated with the transfer of music rights.  JOHNSON also falsely marketed the music compilation Here Kitty Kitty as belonging to him under the brand TIGER KING PUBLISHING and not to the rightful owner, MALDONADO.

29.    On March 23, 2020, Vanity Fair published an article titled *Tiger King: Inside Joe Exotic's wild homemade music videos.*[1] In this article, the writer boasts to finding "the men who really sang songs like "I Saw a Tiger" and "Here Kitty Kitty."

---

[1] https://www.vanityfair.com/hollywood/2020/03/netflix-tiger-king-joe-exotic

In the article, JOHNSON is quoted disclosing and divulging information subject to the Confidentiality Agreement and the Agreements concerning the transfer of music rights by fraudulently claiming entitlement and credit for "I Saw a Tiger" and "Here Kitty Kitty":

> "I had no idea he was going to Milli Vanilli the songs," Johnson wrote Vanity Fair in an email. "It was a couple of months and two or three songs [into the collaboration] when I was on YouTube one night and just happened to look up Joe Exotic. And there he was, lip-syncing and acting like the ghost of Elvis [in these music videos]. I called him up, I was hot…And he bamboozled me about his reality show—that it was coming soon and he would make everything right as rain. I just wanted the proper credit."

30.     On March 24, 2020, the Los Angeles Times published an article titled, "*Did 'Tiger King' star Joe Exotic really sing those jaw-dropping country songs.*"[2] The article quotes JOHNSON and also credits JOHNSON and Clinton for writing and performing "My First Love" and "Here Kitty Kitty."  Referring to "Here Kitty Kitty" the article reads:

> But their (JOHNSON and Clinton) work on "Here Kitty Kitty" must have come from an extremely uncomfortably specific set of lyrical notes But Johnson and Clinton wrote, performed and shipped the song off with complete conviction, and while it's not quite up there with "Two Sisters" or "Cocaine Blues" in the annals of great murder ballads, it will live on a testament to the absolute unhinged vision of Joe Exotic.

---

[2] https://www.latimes.com/entertainment-arts/music/story/2020-03-24/tiger-king-joe-exotic-netflix-country-songs-here-kitty-kitty

31.     On March 27, 2020, <u>Slate</u> published an article called *Behind the music of the Tiger King.*[3]   In this article JOHNSON responded to questions via email. When referring to "Pretty Women Lover," "My Frist Love," "Here Kitty Kitty," JOHNSON was quoted as saying:

> "He seemed like a dandy," Johnson wrote. It wasn't until months later, watching Joe's videos on YouTube, that Johnson realized Joe was going to "Milli Vanilli" the songs and take full credit for them.

JOHNSON was later quoted explaining that, "Joe would set the subjects for the songs and then leave Johnson to "do my research."

32.     As such, JOHNSON intentionally divulged and disclosed trade secrets associated with music and songs, all in clear breach of the Confidentiality Agreement and the Agreements concerning the transfer of music rights.

33.     JOHNSON repeatedly refers to "Milli Vanilli" in media interviews. The context is as follows.  In the 1980's, John Davis was approached by a music producer named Frank Farian.  Mr. Farian asked Mr. Davis to work on a project, but did not disclose that Mr. Davis' voice would be used for others to lip-sync. The entire series of relationships and contracts were confidential. Mr. Davis never met or directly contracted with the artists composing "Milli Vanilli."

---

[3] https://slate.com/culture/2020/03/netflixs-tiger-king-joe-exotics-music-isnt-even-by-joe-exotic.html

34.     Unlike Mr. Davis, JOHNSON was in direct contractual privity with MALDONADO and was well aware of his legal obligations, confidentiality and transfer of all performances and writings, whether or not MALDONADO chose to perform, voice over, lip sync, publish or use the purchased collateral in any way he chose.

35.     On March 28, 2020, Esquire published an article regarding "Here Kitty Kitty." In this article JOHNSON is quoted:

> But when it comes to his musical endeavors, Maldonado-Passage's involvement in their creation is pretty cosmetic. Slate talked to Vince Johnson, one of the musicians Maldonado-Passage hired to write and record the tunes he essentially lip synchs in his videos. Johnson says that Maldonado-Passage told him what he wanted the songs to be about, but didn't reveal that he'd be presenting the music to the world as Joe Exotic original tunes.

36.     On March 29, 2020, TMZ published an interview with JOHNSON titled '*Tiger King' Band behind Joe Exotic's songs…Hopes to strike gold*.[4]  In the interview JOHNSON was credited with providing the following information:

> As for how The CB Band -- from Vancouver, Washington -- got linked up with the Oklahoma zoo extraordinaire ... Vince tells us they simply responded to one of Joe's ads to make a theme song for Joe's TV show and park, and it evolved from there.
>
> He says how it worked was Exotic would give Vince a theme and some details, he'd write a tune and Danny would sing it. Then they'd email it to Joe.

---

[4] https://www.tmz.com/2020/03/29/joe-exotic-band-tiger-king-song-clinton-johnson-record-deal/

37.     JOHNSON, by divulging and disclosing protected information including that MALDONADO does not in whole or in part "sing his own songs," clearly violated the terms of the Confidentiality Agreement. JOHNSON also admitted that by disclosing his breach and improper secondary gain, he hoped the "hit Netflix docuseries leads to a record deal."  JOHNSON'S intent to monetarily capitalize on MALDONADO'S fame is blatantly clear as well.

38.     On June 4, 2020, TMZ published an article about JOHNSON called *Band behind the tunes new deal and song, 'Killer Carole*.'[5]  The purpose was to announce the Vince Johnson Band had "just inked an exclusive licensing and distribution deal with BMG Rights Management and CREATE Music Group."  The article further perpetuated JOHNSON's admission that "Vince JOHNSON of The Vince Johnson Band -- who made up one half of the music duo - wrote and performed Joe's tracks featured on the Netflix series." JOHNSON'S hopes of fraudulently capitalizing on MALDONADO'S fame were realized.

39.     On June 5, 2020, the Chicago Tribune published an article titled *Band behind 'Tiger King' music lands publishing deal, releases new Carole Baskin song.*[6] The article announced:

> Vince Johnson, one half of The Clinton-Johnson Band who wrote and performed the songs Joe Exotic tried to pass of as his

---

[5] https://www.tmz.com/2020/06/04/vince-johnson-band-joe-exotic-music-tiger-king-killer-carole-song/

[6] https://www.chicagotribune.com/entertainment/tv/ct-ent-tiger-king-clinton-johnson-band-carole-baskin-song-20200605-4xye32xewvbdnpa3ia7qjkizby-story.html

own, has officially signed an exclusive worldwide licensing and distribution deal with BMG Rights Management and Create Music Group. The agreement covers such classics as "I Saw a Tiger" and "My First Love."

The deal was signed with entity the Vince Johnson Band, not the Clinton-Johnson Band, as Daniel Clinton, Johnson's musical partner, died last year of a heart attack. Under that name, Johnson is set to release a compilation album containing all of the songs he and Clinton wrote that were featured in "Tiger King."

40. On June 5, 2020, Variety published a similar story.[7] Both articles referred to JOHNSON's statements published in the TMZ interview and credited JOHNSON with music compilations subject to the five (5) Agreements regarding the transfer of music rights.

41. When searching the song "Here Kitty Kitty" using the Google Search Engine, the results show the lyrics to "Here Kitty Kitty." The lyrics are followed by credits for songwriting to Danny Clinton / Vince JOHNSON. It also notes "Here Kitty Kitty" lyrics © BMG Rights Management.[8]

---

[7] https://variety.com/2020/music/news/tiger-king-music-band-publishing-carole-baskin-song-1234626348/

[8] https://www.google.com/search?q=lyrics+here+kitty+kitty+tiger+king&rlz=1C1GCEU_enUS953US953&sxsrf=ALiCzsaVPh_MvvoPLCv1qEfpF6gCvyjyOg%3A1662060595537&ei=MwgRY_2pIOLukvQPz8WSsA8&ved=0ahUKEwi9j5GbqvT5AhVit4QIHc-iBPYQ4dUDCA4&uact=5&oq=lyrics+here+kitty+kitty+tiger+king&gs_lcp=Cgdnd3Mtd2l6EAMyCAghEB4QFhAdOgoIABBHENYEELADOgYIABAeEBY6BQgAEIYDOgUIIRCgAUoECEEYAEoECEYYAFDEBVjqD2CIEWgBcAF4AIABmgGIAYcMkgEEMC4xMZgBAKABAcgBMABAQ&sclient=gws-wiz

42.     BMG is a worldwide publishing and recordings business.  On June 7, 2020, BMG announced via BMG.com that "Netflix's 'Tiger King' songwriter Vince JOHNSON signed a global publishing agreement with BMG.[9]

43.     CREATE is a data-driven music and technology company focused on maximizing opportunities to monetize content across all platforms.

44.     TIGER KING PUBLISHING is an entity that, in addition to JOHNSON, falsely claims ownership to music compilations contractually belonging to MALDONADO.

45.     RIP ROARING RECORDS is a music-based reissue focused label.

46.     By entering into deals, agreements and/or contracts with BMG, CREATE, RIP ROARING RECORDS, TIGER KING PUBLISHING, JOHNSON not only violated the terms of the Confidentiality Agreement, but also breached the Sun Says Agreement, My First Love Agreement, the GW and Me Agreement, and the Pretty Women Lover Agreement.  These Agreements state the songs were "ghost written and performed for the benefit" of MALDONADO "solely on a work for hire basis."   Further MALDONADO would "be in its sole right to seek reparations should" JOHNSON or any affiliate "seek to claim credit or rights" to the songs.

47.     Additionally, by entering into the deals, agreements and/or contracts with BMG, CREATE, and RIP ROARING RECORDS, JOHNSON violated the

---

[9] https://www.bmg.com/de/news/Vince-Johnson-Tiger-King-signs-with-BMG.html

terms of the I Saw a Tiger Agreement which states JOHNSON relinquished all copyright, publishing rights of the song to MALDONADO.

48.    On August 7, 2020, RIP ROARING RECORDS / CREATE Music Group published an album with The Vince Johnson Band called *Mind Guerrilla*.  "I Saw a Tiger," "Killer Carole," "The Sun Says," "GW and Me," "Pretty Woman Lover," "My First Love" are all featured songs on the album.

49.    As of the writing of the Complaint, *Mind Guerrilla* and the individual music compilations subject to this Complaint are available for purchase on streaming platforms including Apple Music, Spotify, Amazon, Tidal, Deezer, Shazam, YouTube and Napster.  The songs on the album include the five music compilations subject to Agreements between MALDONADO and JOHNSON.   All five compilations are not only featured on an album attributed to JOHNSON, but they also appear on at least eight (8) music streaming platforms which in turn amounts to at least forty-five individual violations of the Agreements and the Confidentiality Agreement.

50.    The misappropriation of the music compilations subject to the Agreements is blatant copyright infringement.   At present, the infringement continues with the subject music compilations available for sale across a multitude of easily accessible musical outlets.  Each of these outlets has resulted in monies

being paid out per purchase agreements to other recipients, none of which are MALDONADO.

51.  Further, JOHNSON has materially breached the Confidentially Agreement with each interview given wherein he asserts credit for the creation of musical compositions for which he contractually relinquished his rights. The breaches continued when information JOHNSON provided one media outlet was used in the writing of articles for other news outlets. Instead of correcting the misinformation, JOHNSON perpetuated the assertion that he created and owned the rights to the music compilations at issue herein which has resulted in multiple individual material breaches to the Confidentiality Agreement.

52.  Defendants JOHNSON, BMG, CREATE, RIP ROARING RECORDS and TIGER KING PUBLISHING were put on notice of the copyright infringement, mis-information misappropriation of funds via correspondence of August 20, 2021, October 17, 2021, October 18, 2021, November 15, 2021, September 19, 2022. BMG acknowledged receipt of the information via electronic correspondence on October 19, 2021.  Despite notice, the subject music compilations remain attributed to JOHNSON and remain available for sale on a multitude of streaming platforms via agreements with BMG, CREATE, RIP ROARING RECORDS and TIGER KING PUBLISHING. As such, all musical credits are attributed solely to JOHNSON.

53.    BMG and CREATE failed to correct, contact and/or attempt to verify the identity of the rightful owners of the composition musicals in question.  At the time of the alleged occurrences, MALDONADO'S albums were published and copyrighted under the name "Tiger King Records." This release pre-dates by years the release of *Mind Guerrilla* and all of the current violations of copyright infringement and breach of the confidentiality alleged in this Complaint. MALDONADO has suffered financially and emotionally from the actions taken by Defendants.  The musical compositions have been downloaded and viewed over 10 million times on pay-to-play platforms.  The subject breaches of confidentiality and the fraudulent misrepresentations and misinformation propounded by Defendants have caused great financial loss and public embarrassment to MALDONADO and his brands, "Joe Exotic" and "Tiger King."

54.    All conditions precedent to the maintenance of this action have been performed, have occurred, have been waived or excused.

## CAUSES OF ACTION

## COUNT I - COPYRIGHT INFRINGEMENT AS TO BMG

55.    Plaintiff incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

56.    Pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*. (Title 17 of the United States Code), during the course of the unauthorized distribution and

illicit business transactions, Defendant, BMG, made unabated fraudulent misrepresentations about MALDONADO'S rightfully obtained musical compositions, in clear violation of 17 U.S.C. §§ 106 and 501.

57.    Plaintiff's counsel initially made contact with BMG in August 2021 regarding the unauthorized use of MALDONADO'S copyrighted works. Thereafter, Plaintiff's counsel sent a letter via certified mail on or about December 20, 2021, regarding the unauthorized use of the music at issue, thereby putting them on notice that the unsanctioned assertion of ownership of a derivative work, without authorization and payment to MALDONADO represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, et seq.

58.    Accordingly, MALDONADO'S copyrighted work was wholly original, pursuant to the Agreements and protected under the Confidentiality Agreement between MALDONADO AND JOHNSON.

59.    BMG's acts constitute copyright infringement, as such were not only willful, intentional and purposeful, but also in complete disregard of and indifference to MALDONADO's contractual rights to the subject music.

60.    BMG's use of the musical compositions at issue, have been done without authorization, consent, or knowledge, and without any compensation paid to MALDONADO.

61.     BMG's acts have caused, are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to MALDONADO and the Joe Exotic and Tiger King brands from which MALDONADO has no adequate remedy at law.

62.     As a direct and proximate result of BMG's infringing conduct alleged herein, MALDONADO has been harmed and is entitled to damages in an amount to be proven at trial.

63.     Pursuant to 17 U.S.C. § 504(b), MALDONADO is also entitled to recovery of profits attributable to BMG's infringing conduct alleged herein, including monies collected from any and all sales of the copyrighted works and products incorporating or embodying the copyrighted work; subject to a proper accounting of such profits.

64.     Additionally, MALDONADO is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in an amount of $150,000 for BMG's willful infringing conduct for each of MALDONADO'S works that BMG infringed upon.

65.     Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

66.     As a direct and proximate result of the BMG's infringing conduct alleged herein, MALDONADO has sustained and will continue to sustain

substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless BMG's infringing conduct is enjoined by this Court, BMG will continue to infringe the copyrighted work at issue.

67.    Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining BMG's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT II - COPYRIGHT INFRINGEMENT AS TO CREATE

68.    Plaintiff incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

69.    Pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*. (Title 17 of the United States Code), during the course of the unauthorized distribution and illicit business transactions, Defendant, CREATE made unabated fraudulent misrepresentations about MALDONADO'S rightfully obtained musical compositions, in clear violation of 17 U.S.C. §§ 106 and 501.

70.    Plaintiff's counsel initially made contact with CREATE in 2022 regarding the unauthorized use of copyrighted works. Plaintiff's counsel sent a letter via certified mail on or about August 2022, regarding the unauthorized use of the music at issue, thereby putting CREATE on notice that the unsanctioned assertion of ownership of a derivative work, without authorization and payment to

MALDONADO represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, et seq.

71.    Accordingly, MALDONADO'S copyrighted work was wholly original, pursuant to the Agreements and protected under the Confidentiality Agreement between MALDONADO AND JOHNSON.

72.    CREATE'S acts constitute copyright infringement, as such were not only willful, intentional and purposeful, but also in complete disregard of and indifference to MALDONADO'S contractual rights to the subject music.

73.    CREATE'S use of the musical compositions at issue, have been done without authorization, consent, or knowledge, and without any compensation paid to MALDONADO.

74.    CREATE's acts have caused, are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to MALDONADO for which Plaintiff has no adequate remedy at law.

75.    As a direct and proximate result of CREATE's infringing conduct alleged herein, MALDONADO has been harmed and is entitled to damages in an amount to be proven at trial.

76.    Pursuant to 17 U.S.C. § 504(b), MALDONADO is also entitled to recovery of profits attributable to CREATE'S infringing conduct alleged herein, including monies from any and all sales of the copyrighted work and products

incorporating or embodying the copyrighted work subject to a proper accounting of such profits.

77.     Additionally, MALDONADO is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in an amount of $150,000 for CREATE's willful infringing conduct for each of MALDONADO'S works that CREATE infringed upon.

78.     Additionally, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

79.     As a direct and proximate result of the CREATE'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless CREATE's infringing conduct is enjoined by this Court, CREATE will continue to infringe the copyrighted work at issue.

80.     Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining CREATE's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT III - COPYRIGHT INFRINGEMENT AS TO JOHNSON

81.     MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

82.     Pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*. (Title 17 of the United States Code), during the course of the unauthorized distribution and illicit business transactions, JOHNSON made unabated fraudulent misrepresentations about MALDONADO'S rightfully obtained musical compositions, in clear violation of 17 U.S.C. §§ 106 and 501.

83.     Plaintiff's counsel initially made contact with JOHNSON in 2021 regarding the unauthorized use of MALDONADO'S copyrighted works. Plaintiff's counsel sent a letter via certified mail on or about August 2022, regarding the unauthorized use of the music at issue, thereby putting them on notice that the unsanctioned assertion of ownership of a derivative work, without authorization and payment to MALDONADO represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, et seq.

84.     Accordingly, MALDONADO'S copyrighted work was wholly original, pursuant to the Agreements and protected under the Confidentiality Agreement between MALDONADO AND JOHNSON.

85.     JOHNSON'S acts constitute copyright infringement, as such were not only willful, intentional and purposeful, but also in complete disregard of and indifference to MALDONADO'S contractual rights to the subject music.

86.    JOHNSON'S use of the musical compositions at issue, have been done without authorization, consent, or knowledge, and without any compensation paid to MALDONADO.

87.    JOHNSON'S acts have caused, are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to MALDONADO for which Plaintiff has no adequate remedy at law.

88.    As a direct and proximate result of JOHNSON'S infringing conduct alleged herein, MALDONADO has been harmed and is entitled to damages in an amount to be proven at trial.

89.    Pursuant to 17 U.S.C. § 504(b), MALDONADO is also entitled to recovery of profits attributable to JOHNSON's infringing conduct alleged herein, including monies from any and all sales of the copyrighted works and products incorporating or embodying the copyrighted works subject to a proper accounting of such profits.

90.    Additionally, MALDONADO is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in an amount of $150,000 for JOHNSON'S willful infringing conduct for each of MALDONADO'S works that JOHNSON infringed upon.

91.    Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

92.    As a direct and proximate result of the JOHNSON'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless JOHNSON'S infringing conduct is enjoined by this Court, JOHNSON will continue to infringe the copyrighted work at issue.

93.    Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining JOHNSON'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT IV - COPYRIGHT INFRINGEMENT AS TO TIGER KING PUBLISHING

94.    MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

95.    Pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq.* (Title 17 of the United States Code), during the course of the unauthorized distribution and illicit business transactions, TIGER KING PUBLISHING made unabated fraudulent misrepresentations about MALDONADO'S rightfully obtained musical compositions, in clear violation of 17 U.S.C. §§ 106 and 501.

96.    Plaintiff's counsel initially made contact with TIGER KING PUBLISHING in 2021 regarding the unauthorized use of copyrighted works, thereby putting TIGER KING PUBLISHING on notice that the unsanctioned assertion of ownership of a derivative work, without authorization and payment to

MALDONADO, represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, et seq.

97.   Accordingly, MALDONADO'S copyrighted work was wholly original, pursuant to the Agreements and protected under the Confidentiality Agreement between MALDONADO AND JOHNSON.

98.   TIGER KING PUBLISHING'S acts constitute copyright infringement, as such were not only willful, intentional and purposeful, but also in complete disregard of and indifference to MALDONADO'S contractual rights to the subject music.

99.   TIGER KING PUBLISHING'S use of the musical compositions at issue, have been done without authorization, consent, or knowledge, and without any compensation paid to MALDONADO.

100.   TIGER KING PUBLISHING's acts have caused, are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to MALDONADO for which Plaintiff has no adequate remedy at law.

101.   As a direct and proximate result of TIGER KING PUBLISHING's infringing conduct alleged herein, MALDONADO has been harmed and is entitled to damages in an amount to be proven at trial.

102.   Pursuant to 17 U.S.C. § 504(b), MALDONADO is also entitled to recovery of profits attributable to TIGER KING PUBLISHING'S infringing conduct

alleged herein, including monies from any and all sales of the copyrighted work and products incorporating or embodying the copyrighted work subject to a proper accounting of such profits.

103.   Additionally, MALDONADO is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in an amount of $150,000 for TIGER KING PUBLISHING'S willful infringing conduct for each of MALDONADO'S works that TIGER KING PUBLISHING infringed upon.

104.   Additionally, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

105.   As a direct and proximate result of the TIGER KING PUBLISHING'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless TIGER KING PUBLISHING's infringing conduct is enjoined by this Court, TIGER KING PUBLISHING will continue to infringe the copyrighted work at issue.

106.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining TIGER KING PUBLISHING's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## **COUNT V - COPYRIGHT INFRINGEMENT AS TO RIP ROARING RECORDS**

107.   Plaintiff incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

108.   Pursuant to the Copyright Act of 1976, 17 U.S.C. §§101 *et seq*. (Title 17 of the United States Code), during the course of the unauthorized distribution and illicit business transactions, Defendant, RIP ROARING RECORDS, made unabated fraudulent misrepresentations about MALDONADO'S rightfully obtained musical compositions, in clear violation of 17 U.S.C. §§ 106 and 501.

109. Plaintiff's counsel initially made contact with RIP ROARING RECORDS in September of 2022 regarding the unauthorized use of MALDONADO'S copyrighted works, thereby putting them on notice that the unsanctioned assertion of ownership of a derivative work, without authorization and payment to MALDONADO represents a violation of Plaintiff's rights under 17 U.S.C. Sections 106, et seq.

110.   Accordingly, MALDONADO'S copyrighted work was wholly original, pursuant to the Agreements and protected under the Confidentiality Agreement between MALDONADO AND JOHNSON.

111.   RIP ROARING RECORDS' acts constitute copyright infringement, as such were not only willful, intentional and purposeful, but also in complete disregard of and indifference to MALDONADO's contractual rights to the subject music.

112.   RIP ROARING RECORDS' use of the musical compositions at issue, have been done without authorization, consent, or knowledge, and without any compensation paid to MALDONADO.

113.   RIP ROARING RECORDS' acts have caused, are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to MALDONADO and the "Joe Exotic" and "Tiger King" brands from which MALDONADO has no adequate remedy at law.

114.   As a direct and proximate result of RIP ROARING RECORDS' infringing conduct alleged herein, MALDONADO has been harmed and is entitled to damages in an amount to be proven at trial.

115.   Pursuant to 17 U.S.C. § 504(b), MALDONADO is also entitled to recovery of profits attributable to RIP ROARING RECORDS' infringing conduct alleged herein, including monies collected from any and all sales of the copyrighted works and products incorporating or embodying the copyrighted work; subject to a proper accounting of such profits.

116.   Additionally, MALDONADO is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in an amount of $150,000 for BMG's willful infringing conduct for each of MALDONADO'S works that RIP ROARING RECORDS infringed upon.

117.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

118.   As a direct and proximate result of the RIP ROARING RECORDS' infringing conduct alleged herein, MALDONADO has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless RIP ROARING RECORDS' infringing conduct is enjoined by this Court, RIP ROARING RECORDS will continue to infringe the copyrighted work at issue.

119.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining RIP ROARING RECORDS' ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT VI – LANHAM ACT VIOLATION AS TO BMG

120.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

121.   MALDONADO'S claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051- 1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a). BMG has used, is using, and will continue to use in connection with their commercial services and merchantable goods, MALDONADO's work in interstate commerce, which directly contributes to a false and misleading representation and has resulted in financial loss to MALDONADO.

122.   Upon information and belief, BMG's acts were designed to exploit the popularity and unique style of MALDONADO and have caused confusion as to the association of BMG and MALDONADO, endorsement, sponsorship and approval of MALDONADO's work. BMG's unauthorized use of the "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

123.   Upon information and belief, BMG committed the aforementioned actions willfully and in utter disregard for MALDONADO's rights.   These intentional activities resulted in undeserved ill-gotten profits. The abovementioned unlawful acts have damaged MALDONADO and will continue in perpetuity, absent corrective action.

124.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

125.   As a direct and proximate result of the BMG's infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate

remedy at law. Unless BMG's infringing conduct is enjoined by this Court, BMG will continue to infringe the copyrighted work at issue.

126.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining BMG's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

### COUNT VII – LANHAM ACT VIOLATION AS TO CREATE

127.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

128.   MALDONADO'S claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051- 1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a). CREATE has used, is using and will continue to use in connection with their commercial services and merchantable goods, MALDONADO's work in interstate commerce, which directly contributes to a false and misleading representation, that repeatedly has resulted in financial loss to MALDONADO.

129.   Upon information and belief, CREATE'S acts were designed to exploit the popularity and unique style of MALDONADO and have caused confusion as to the association of CREATE and MALDONADO, endorsement, sponsorship and approval of MALDONADO's work. CREATE'S unauthorized use of the "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says,"

and "Here Kitty Kitty," in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

130.   Upon information and belief, CREATE committed the aforementioned actions willfully and in utter disregard for MALDONADO's rights. These intentional activities resulted in undeserved ill-gotten profits. The abovementioned unlawful acts have damaged MALDONADO and will continue in perpetuity, absent corrective action.

131.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

132.   As a direct and proximate result of the CREATE'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless CREATE'S infringing conduct is enjoined by this Court, CREATE will continue to infringe the copyrighted work at issue. MALDONADO therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining BMG's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT VIII – LANHAM ACT VIOLATION AS TO JOHNSON

133.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

134.   MALDONADO'S claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051- 1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a). JOHNSON has used, is using and will continue to use in connection with their commercial services and merchantable goods, MALDONADO's work in interstate commerce, which directly contributes to a false and misleading representation, that repeatedly has resulted in financial loss to MALDONADO.

135.   Upon information and belief, JOHNSON'S acts were designed to exploit the popularity and unique style of MALDONADO and have caused confusion as to the association of JOHNSON and MALDONADO, endorsement, sponsorship and approval of MALDONADO's work. JOHNSON'S unauthorized use of the "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

136. Upon information and belief, JOHNSON committed the aforementioned actions willfully and in utter disregard for MALDONADO's rights.

These intentional activities resulted in undeserved ill-gotten profits. The abovementioned unlawful acts have damaged MALDONADO and will continue in perpetuity, absent corrective action.

137.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

138.   As a direct and proximate result of the JOHNSON'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless JOHNSON'S infringing conduct is enjoined by this Court, JOHNSON will continue to infringe the copyrighted work at issue. MALDONADO therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining JOHNSON's ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT IX – LANHAM ACT VIOLATION AS TO TIGER KING PUBLISHING

139.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

140.   MALDONADO'S claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051- 1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a). TIGER KING PUBLISHING has used, is using and will continue to use in connection with their commercial services and merchantable goods, MALDONADO's work in interstate commerce, which directly contributes to

a false and misleading representation, that repeatedly has resulted in financial loss to MALDONADO.

141.   Upon information and belief, TIGER KING PUBLISHING'S acts were designed to exploit the popularity and unique style of MALDONADO and have caused confusion as to the association of TIGER KING PUBLISHING and MALDONADO, endorsement, sponsorship and approval of MALDONADO's work. TIGER KING PUBLISHING'S unauthorized use of the "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

142.   Upon information and belief, TIGER KING PUBLISHING committed the aforementioned actions willfully and in utter disregard for MALDONADO's rights.   These intentional activities resulted in undeserved ill-gotten profits. The abovementioned unlawful acts have damaged MALDONADO and will continue in perpetuity, absent corrective action.

143.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

144.   As a direct and proximate result of the TIGER KING PUBLISHING'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless TIGER KING PUBLISHING'S infringing conduct is enjoined by this Court, TIGER KING PUBLISHING will continue to infringe the copyrighted work at issue.

145.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining TIGER KING PUBLISHING'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT X – LANHAM ACT VIOLATION AS TO RIP ROARING RECORDS

146   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

147.   MALDONADO'S claim arises under the Lanham Act of July 5, 1946, 15 U. S. C. sections 1051- 1127, particularly Section 43(a) of the Lanham Act, 15 U.S.C Section 1125(a). RIP ROARING RECORDS has used, is using, and will continue to use in connection with their commercial services and merchantable goods, MALDONADO's work in interstate commerce, which directly contributes to a false and misleading representation and has resulted in financial loss to MALDONADO.

148.   Upon information and belief, RIP ROARING RECORDS' acts were designed to exploit the popularity and unique style of MALDONADO and have caused confusion as to the association of RIP ROARING RECORDS and MALDONADO, endorsement, sponsorship and approval of MALDONADO's work. RIP ROARING RECORDS' unauthorized use of the "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

149.   Upon information and belief, RIP ROARING RECORDS committed the aforementioned actions willfully and in utter disregard for MALDONADO's rights.   These intentional activities resulted in undeserved ill-gotten profits. The abovementioned unlawful acts have damaged MALDONADO and will continue in perpetuity, absent corrective action.

150.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

151.   As a direct and proximate result of the RIP ROARING RECORDS' infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which

there is no adequate remedy at law. Unless RIP ROARING RECORDS' infringing conduct is enjoined by this Court, RIP ROARING RECORDS will continue to infringe the copyrighted work at issue.

152.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining RIP ROARING RECORDS' ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XI– FRAUDULENT MISREPRESENTATION AS TO BMG

153.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

154.   MALDONADO'S claim arises under 17 U.S.C. §106 (Title 17 United States Code), BMG has willfully misrepresented that MALDONADO does not possess the exclusive rights to "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," which has directly resulted in financial loss to MALDONADO.

155.   BMG'S unauthorized use of the subject music in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

156.   Upon information and belief, through the use of TIGER KING PUBLISHING, BMG wrongfully divulged that JOHNSON'S Band, Vince Johnson

Band, was the original recording artist and, in fact, had the current exclusive rights to perform these musical compositions in any capacity.

157.   Upon information and belief, BMG committed the aforementioned acts with an intention that the representation would induce others to act, and reliance upon those actions ultimately resulted in Plaintiff suffering monetary injury.

158.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

159.   As a direct and proximate result of the BMG's infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless BMG'S infringing conduct is enjoined by this Court, BMG will continue to infringe the copyrighted work at issue.

160.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining BMG'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XII – FRAUDULENT MISREPRESENTATION AS TO CREATE

161.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

162.   MALDONADO'S claim arises under 17 U.S.C. §106 (Title 17 United States Code), CREATE has willfully misrepresented that MALDONADO does not

possess the exclusive rights to "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," which has directly resulted in financial loss to MALDONADO.

163.    CREATE'S unauthorized use of the subject music in association with their intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

164.    Upon information and belief, through the use of TIGER KING PUBLISHING, CREATE wrongfully divulged that JOHNSON'S Band, Vince Johnson Band, was the original recording artist and, in fact, had the current exclusive rights to perform these musical compositions in any capacity.

165.    Upon information and belief, CREATE committed the aforementioned acts with an intention that the representation would induce others to act, and reliance upon those actions ultimately resulted in Plaintiff suffering monetary injury.

166.    Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

167.    As a direct and proximate result of the CREATE's infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate

remedy at law. Unless CREATE'S infringing conduct is enjoined by this Court, CREATE will continue to infringe the copyrighted work at issue.

168.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining JOHNSON'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XIII– FRAUDULENT MISREPRESENTATION AS TO JOHNSON

169.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

170.   MALDONADO'S claim arises under 17 U.S.C. §106 (Title 17 United States Code), JOHNSON has willfully misrepresented that MALDONADO does not possess the exclusive rights to "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," which has directly resulted in financial loss to MALDONADO.

171.   JOHNSON'S unauthorized use of the subject music in association with the intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

172.   Upon information and belief, through the use of TIGER KING PUBLISHING, JOHNSON wrongfully divulged that JOHNSON'S Band, Vince

Johnson Band, was the original recording artist and, in fact, had the current exclusive rights to perform these musical compositions in any capacity.

173. Upon information and belief, JOHNSON committed the aforementioned acts with an intention that the representation would induce others to act, and reliance upon those actions ultimately resulted in Plaintiff suffering monetary injury.

174. Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

175. As a direct and proximate result of the JOHNSON's infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless JOHNSON'S infringing conduct is enjoined by this Court, JOHNSON will continue to infringe the copyrighted work at issue.

176. Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining JOHNSON'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XIV– FRAUDULENT MISREPRESENTATION AS TO TIGER KING PUBLISHING

177. MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

178.   MALDONADO'S claim arises under 17 U.S.C. §106 (Title 17 United States Code), TIGER KING PUBLISHING has willfully misrepresented that MALDONADO does not possess the exclusive rights to "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," which has directly resulted in financial loss to MALDONADO.

179.   TIGER KING PUBLISHING'S unauthorized use of the subject music in association with the intentional misrepresentation and exploitation of the derivative work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

180.   Upon information and belief, TIGER KING PUBLISHING wrongfully divulged that JOHNSON'S Band, Vince Johnson Band, was the original recording artist and, in fact, had the current exclusive rights to perform these musical compositions in any capacity.

181.   Upon information and belief, TIGER KING PUBLISHING committed the aforementioned acts with an intention that the representation would induce others to act, and reliance upon those actions ultimately resulted in Plaintiff suffering monetary injury.

182.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

183.   As a direct and proximate result of the TIGER KING PUBLISHING's infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless TIGER KING PUBLISHING'S infringing conduct is enjoined by this Court, TIGER KING PUBLISHING will continue to infringe the copyrighted work at issue.

184.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining TIGER KING PUBLISHING'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XV– FRAUDULENT MISREPRESENTATION AS TO RIP ROARING RECORDS

185.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

186.   MALDONADO'S claim arises under 17 U.S.C. §106 (Title 17 United States Code), RIP ROARING RECORDS has willfully misrepresented that MALDONADO does not possess the exclusive rights to "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," "The Sun Says," and "Here Kitty Kitty," which has directly resulted in financial loss to MALDONADO.

187.   RIP ROARING RECORDS' unauthorized use of the subject music in association with their intentional misrepresentation and exploitation of the derivative

work acts, were carefully orchestrated in order to accomplish a self-serving and profit seeking purpose, solely directed at obtaining a commercial advantage.

188.   Upon information and belief, RIP ROARING RECORDS wrongfully divulged that JOHNSON'S Band, Vince Johnson Band, was the original recording artist and, in fact, had the current exclusive rights to perform these musical compositions in any capacity.

189.   Upon information and belief, RIP ROARING RECORDS committed the aforementioned acts with an intention that the representation would induce others to act, and reliance upon those actions ultimately resulted in Plaintiff suffering monetary injury.

190.   Further, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

191.   As a direct and proximate result of the RIP ROARING RECORDS' infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless RIP ROARING RECORDS' infringing conduct is enjoined by this Court, RIP ROARING RECORDS will continue to infringe the copyrighted work at issue.

192.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining RIP ROARING RECORDS' ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XVI – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO BMG

193.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

194.   MALDONADO had a contractual relationship with JOHNSON prior to JOHNSON entering into any agreements with BMG. Under the terms of the pre-existing contract between MALDONADO and JOHNSON, JOHNSON relinquished all copyright, publishing rights and all other related rights to the music compilations "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," and "The Sun Says" to MALDONADO.

195.   At all times relevant herein, BMG was fully knowledgeable of the business and contractual relationship between MALDONADO and JOHNSON. Notwithstanding that knowledge, BMG encouraged, facilitated, assisted, and caused JOHNSON to breach his agreement with MALDONADO. Concurrently, BMG was aware that all the rights of this song rested with MALDONADO in perpetuity, in all jurisdictions and through all process once it was properly executed, effective May 31, 2013.

196.   Therefore, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

197.   As a direct and proximate result of the BMG'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless BMG'S infringing conduct is enjoined by this Court, BMG will continue to infringe the copyrighted work at issue.

198.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining BMG'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XVII – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO CREATE

199.   MALDONADO incorporates and re-alleges paragraphs one through 54 as set forth and alleged herein.

200.   MALDONADO had a contractual relationship with JOHNSON prior to JOHNSON entering into any agreements with CREATE. Under the terms of the pre-existing contract between MALDONADO and JOHNSON, JOHNSON relinquished all copyright, publishing rights and all other related rights to the music compilations "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," and "The Sun Says" to MALDONADO.

201.   At all times relevant herein, CREATE was fully knowledgeable of the business and contractual relationship between MALDONADO and JOHNSON. Notwithstanding that knowledge, CREATE encouraged, facilitated, assisted, and caused JOHNSON to breach his agreement with MALDONADO. Concurrently, CREATE was aware that all the rights of this song rested with MALDONADO in perpetuity, in all jurisdictions and through all process once it was properly executed, effective May 31, 2013.

202.   Therefore, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

203.   As a direct and proximate result of the CREATE'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless CREATE'S infringing conduct is enjoined by this Court, CREATE will continue to infringe the copyrighted work at issue.

204.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining CREATE'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## **COUNT XVIII BREACH OF CONTRACT AS TO JOHNSON**

205.   MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

206.   JOHNSON undertook the duty to perform certain contractual obligations under the Agreements and the Confidentiality Agreement.  The terms of these contracts between MALDONADO AND JOHNSON include, but are not limited to, JOHNSON exclusively providing professional music services with confidentially, both as a performer and song writer, for MALDONADO.

207.   At all times relevant herein, JOHNSON breached the valid and enforceable contractual obligations by, inter alia, engaging in alternate financial agreements wherein he claimed ownership of the subject music; claimed creative rights to the subject music; performed the subject music under alternate agreements; published the subject music under alternate agreements; and sold the subject music under alternate agreements.  Each act constitutes a material breach as they are inconsistent with the terms of all five (5) Agreements and the Confidentiality Agreement.

208.   At all times material, MALDONADO has complied with all of the obligations under all of these contractual agreements. As a result of JOHNSON'S actions, MALDONADO has been unjustly harmed as a result of these material breaches and now seeks liquidated damages, pursuant to the agreements.

209.   Plaintiff further is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

210.    As a direct and proximate result of the JOHNSON'S infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless JOHNSON'S infringing conduct is enjoined by this Court, JOHNSON will continue to infringe the copyrighted work at issue.

211.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining JOHNSON'S ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XIX – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO RIP ROARING RECORDS

212.    MALDONADO incorporates and re-alleges paragraphs 1 through 54 as set forth and alleged herein.

213.    MALDONADO had a contractual relationship with JOHNSON prior to JOHNSON entering into any agreements with RIP ROARING RECORDS. Under the terms of the pre-existing contract between MALDONADO and JOHNSON, JOHNSON relinquished all copyright, publishing rights and all other related rights to the music compilations "I Saw A Tiger," "My First Love," "GW and Me," "Pretty Women Lover," and "The Sun Says" to MALDONADO.

214.   At all times relevant herein, RIP ROARING RECORDS was fully knowledgeable of the business and contractual relationship between MALDONADO and JOHNSON. Notwithstanding that knowledge, RIP ROARING

RECORDS encouraged, facilitated, assisted, and caused JOHNSON to breach his agreement with MALDONADO. Concurrently, RIP ROARING RECORDS was aware that all the rights of this song rested with MALDONADO in perpetuity, in all jurisdictions and through all process once it was properly executed, effective May 31, 2013.

215.   Therefore, MALDONADO is entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

216.   As a direct and proximate result of the RIP ROARING RECORDS' infringing conduct alleged herein, MALDONADO has sustained, is sustaining, and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless RIP ROARING RECORDS' infringing conduct is enjoined by this Court, RIP ROARING RECORDS will continue to infringe the copyrighted work at issue.

217.   Therefore, MALDONADO is entitled to preliminary and permanent injunctive relief restraining and enjoining RIP ROARING RECORDS' ongoing infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT XX INJUNCTIVE RELIEF

218.   MALDONADO seeks to enjoin BMG, CREATE, JOHNSON, RIP ROARING RECORDS and TIGER KING PUBLISHING from the unauthorized use of the name; "TIGER KING."

219.   MALDONADO seeks to enjoin BMG, CREATE, JOHNSON, RIP ROARING RECORDS and TIGER KING PUBLISHING from the unauthorized use of the MALDONADO'S copyrighted composition musicals or with any other potential affiliates.

220.   Under the Copyright Act, "[a]ny court having the jurisdiction of a civil action arising under this Title may grant temporary and final injunction(s) of a copyright." 17 U.S.C. §502(a).   Permanent injunction relief, however may be granted, when a copyright infringement occurs, a copyright proprietor is entitled to an injunction prohibiting further infringing use and performances.

## CONCLUSION

221.   JOHNSON has falsely claimed ownership of the creative rights to music compilations he contractually relinquished to MALDONADO in 2013 and 2014.   In doing so, JOHNSON materially breached five contracts associated with the transfer of music right and confidentiality he entered into with MALDONADO. JOHNSON'S intent was to capitalize on MALDONADO'S post *Tiger King* fame.

222.   After claiming ownership of the rights to the subject music compilations, JOHNSON engaged with BMG, CREATE, RIP ROARING RECORDS AND TIGER KING PUBLISHING to produce, publish and sell the subject music.

223. Notwithstanding being placed on notice of JOHNSON's misrepresentations, BMG, CREATE, RIP ROARING RECORDS, TIGER KING PUBLISHING have failed to investigate or correct the harm to MALDONADO, harms that continue as of the writing of this Complaint.

224. As a result of the actions of BMG, CREATE, RIP ROARING RECORDS, JOHNSON and TIGER KING PUBLISHING, both together and individually, MALDONADO has suffered embarrassment, humiliation, loss of income and permanent damage to both his reputation and to the Joe Exotic and Tiger King brands.

## PRAYER FOR RELIEF

WHEREFORE, MALDONADO is seeking injunctive relief, statutory damages in excess of $75,000.00 for both copyright infringements of the six composition musicals in question; an accounting to determine the full extent of such damages; compensatory and confidentially damages from ALL said Defendants; damages from BMG, CREATE, RIP ROARING RECORDS and TIGER KING PUBLISHING for undisclosed compensation paid or distributed to JOHNSON, attorneys fees and costs, a trial by jury and any other relief this court deems necessary and just.

## DEMAND FOR A JURY TRIAL

MALDONADO hereby demands trial by jury of all issues so triable herein.

Dated this 19th day of September, 2022.

Respectfully submitted,

**LAW OFFICES OF PHILLIPS & HUNT**

*/s/ John M. Phillips*
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar No.: 0477575
212 North Laura Street
Jacksonville, Florida 32202
(904) 444-4444
(904) 508-0683 (facsimile)
*Attorneys for Plaintiff*
jmp@floridajustice.com
amy@floridajustice.com
george@floridajustice.com
catherine@floridajustice.com