## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOSEPH MALDONADO,

     Plaintiff,

v.                          Case No.: 3:22-cv-18229-TKW-ZCB

VINCE JOHNSON,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

**COMES NOW** the Plaintiff, JOSEPH MALDONADO, by and through the undersigned Counsel, and respectfully requests an order of protection and in support thereof states as follows:

1.    The Plaintiff filed a Complaint against BMG Rights Management, LLC, CREATE Music Group, Tiger King Publishing, Rip Roaring Records and Vince Johnson on September 19, 2022 (DE 1). A First Amended Complaint was filed on November 22, 2022. (DE 39).

2.    Plaintiff resolved claims against Defendants RIP Roaring Records on October 26, 2022 (DE 28); CREATE Music Group, Inc. on

November 9, 2022 (DE 31); BMG Music Rights, LLC on December 27, 2022 (DE 43); and Tiger King Publishing on March 7, 2023 (DE 55).

3.     The First Amended Complaint is the operative complaint and Defendant Vince Johnson (hereafter, "JOHNSON") is the sole remaining defendant in this matter.

4.     The remaining counts are: Count II- Copyright Infringement (against JOHNSON), Count V- Lanham Act Violations (against JOHNSON), Count VIII Fraudulent Misrepresentation (against JOHNSON), Count XI – Breach of Contract (against JOHNSON) and a count for Injunctive Relief (against JOHNSON). (*See Plaintiff's First Amended Complaint (DE 39)*).

5.     Defendant, JOHNSON, refuses to litigate the issues contained in Plaintiff's Amended Complaint and instead wants to use this Court to promulgate lies and conspiracy theories.

6.     In Defendant JOHNSON's Motion for Protection filed on June 22, 2023 (DE 68), JOHNSON alleged false and defamatory accusations about Plaintiff's counsel that he was, "illegally recording people," "stealing phones," and "post[ing] nude photos," of someone.  He also noted the individuals he was co-conspiring with had filed complaints with various state bar associations. These claims were malicious, made in bad faith, made

with the intent of harassment and embarrassment, and are demonstrably false.  More importantly, these complaints were summarily dismissed by multiple state bar associations and are not in any way germane to the subject litigation.

7.     In JOHNSON's Motion to Remove Plaintiff's Attorney filed on August 4, 2023 (DE 71), JOHNSON sought to remove Plaintiff's counsel based upon additional false accusations about Plaintiff, MALDONADO; Plaintiff's counsel, John M. Phillips, Esquire; and matters entirely unrelated to the subject case.  In this series of false allegations, JOHNSON spewed conspiracy theories about cryptocurrency, merchandising and attorney/client communications between Plaintiff and his former counsel - which were inappropriately made public.  Once again, all of the allegations are boldface lies, concocted by various third parties for the purpose of extortion, embarrassment and harassment.  These false claims are malicious, made in bad faith, and are demonstrably false.  These claims have been summarily dismissed by multiple bar associations and are not in any way germane to the subject litigation.  Yet now they are vomited in frivolous pleadings throughout this matter.

8.    On August 14, 2023, at 10:59 p.m., Defendant JOHNSON electronically served a series of questions he deemed, "Discovery."  Plaintiff will consider these as Interrogatories, despite not being in the form or substance required by the Rule.  The information requested is as follows:

    a.    "Can Maldonado/you explain your Cryptocurrency involvement

    b.    Your book deal involvement

    c.    Your ties with Goode Productions

    d.    The TKING Cannabis deal

    e.    Can You/Maldonado explain Maldonado's Campaign donations. Where does that money go

    f.    You releasing someone's SS # on the internet

    g.    You posting nude pictures on the internet

    h.    You/Maldonado not paying Fox Rothchild

    i.    Maldonado not wanting to pay his ghostwriter

    j.    The claims by the Don Lewis family against you

    k.    Nosey Ren's claims against you

    l.    James Garrisons claims against you

    m.    Hiring male prostitutes' by Maldonado Was that with music money

o.  And last but not least Beastiality claims/video of
Maldonado"

9.   On August 15, 2023, at 1:00 p.m., Defendant JOHNSON sent a
second series of questions which we will consider to be "Interrogatories,"
despite not being in the form or substance required by the Rule.  The
requested information is as follows:

a.  "Any response to Jeff Lowes allegation of Phillips giving
him Cocaine

b.  Any response to Maldonado saying he bought Phillips
beach house

c.  Or calling Phillips his Bitch"

10.   Plaintiff's counsel has attempted to schedule the deposition of
Plaintiff on the behalf of Defendant JOHNSON.  All requests have gone
unanswered by the prison.  A copy of email communications with the prison
is attached hereto as Exhibit 1.  However, Plaintiff's counsel would like to
note that it appears JOHNSON seems to want to ask questions which have
nothing to do with the subject litigation.

11.   Further, many of these matters are malicious falsehoods.  Mr.
Phillips has never committed fraud, consumed or provided cocaine, illegally

recorded or otherwise engaged in any of the lies promulgated by Defendant

JOHNSON.  Using this Court as a platform to spread these falsehoods is

wildly inappropriate.  Additionally, Defendant JOHNSON is apparently

unclear on, and unwilling to follow, the Rules of Civil Procedure.

## MEMORANDUM OF LAW

The purpose of discovery is not to harass, but to obtain non-privileged

information that is relevant to any party's claims or defenses and that such

discovery be proportional to the needs of the case. Additionally, Fed. R. Civ.

P. 11(b) states,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> - it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> - the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Here, Defendant JOHNSON's "discovery" is not in any way relevant to the subject litigation and wholly outside of the proportional needs of this case.   None of the information sought has anything to do with the five contracts / agreements that are at issue in this matter; nor do they address whether or not there was a breach of those agreements by Defendant JOHNSON.

For example, Defendant JOHNSON requests information regarding James Garretson, Nosey Ren, and Don Lewis.  All of these individuals are in no way associated with, relevant to, or important to, resolving the subject issues or determining whether or not Defendant JOHNSON breached any one, or all of the five, of the agreements at issue.  If fact, none of these individuals are even referenced in the operative complaint.  Additionally, not one of these individuals were known to Plaintiff Maldonado or to Defendant JOHNSON at the time the contracts were completed.  Thus, the only purpose in seeking this discovery can only be to harass, embarrass and extort.

Of course, the test for relevant evidence is under Federal Rule of Evidence 401, which states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 402 clearly states, "Irrelevant evidence is not admissible."

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As outlined above, the information sought is not for the purpose of furthering the progress of this case, nor would it be of consequence in determining this action. Information concerning Plaintiff Maldonado's campaign donations does not in any way support or bolster any claim or defense associated with this matter. The same can be said for information concerning Goode Productions or bestiality.

Requiring Plaintiff to continuously respond and reply to false allegations like this confuses the underly issues of the complaint – whether or not Defendant JOHNSON breached the five contracts subject to this litigation. Further, Plaintiff believes responding and replying to these allegations is a waste of this Court's time as the information sought will in no way assist the Court or a jury in deciding the matters at hand.

Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Defendant JOHNSON is communicating with a series of individuals (including at least one convicted felon) who openly conspire against Plaintiff and Plaintiff's counsel and who use these allegations for harassment, embarrassment and extortion in other unrelated matters.

Certainly, Plaintiff and Plaintiff's counsel are not asking the Court for a restraint on speech outside the confines of this Court. However, Defendant JOHNSON attempting, through his "discovery" to introduce these malicious falsehoods as an abuse of process in this matter.

It is for these reasons; we respectfully request an Order striking this discovery and prohibiting Defendant JOHNSON from using Plaintiff's deposition to go into these matters or otherwise address anything other than matters relevant to the subject case.

## LOCAL RULE 7.1(B) CERTIFICATION

**I HEREBY CERTIFY,** Pursuant to N.D. Fla. Loc. R. 7.1(B), the undersigned contacted the opposing party, Vince Johnson, regarding the issues presented in this Motion.  On September 1, 2023, a copy of this Motion

was provided to Vince Johnson via electronic mail and on September 5, 2023, a conference was held with Mr. Johnson by telephone.  The Parties were unable to resolve the issues and Mr. Johnson has advised that he objects to the relief sought herein.

## LOCAL RULE 7.1(F) and 5.1(C)CERTIFICATION

**I HEREBY CERTIFY** that this Motion complies with the applicable word count requirements of Local Rule 7.1(f).  I certify that this Motion is proportionally spaced and contains 1,477 words, excluding the parts exempted by Rule 7.1(f).  I relied on my word processor to obtain the count and it is Microsoft Word.

The Motion complies with the typeface requirements of Rule 5.1(C) and is prepared in a proportionally spaced typeface using Microsoft Word 14-point font.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of September, 2023, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Northern District of Florida, Pensacola Division and served

on Defendant Vince Johnson via Electronic Mail at vincejohnson@q.com and

Via Certified Mail to 9307 NE 87th Street, Vancouver, Washington 98662.

**PHILLIPS, HUNT, WALKER &
HANNA**

*/s/ John M. Phillips*
**JOHN M. PHILLIPS, ESQUIRE**
Florida Bar No.: 0477575
**AMY HANNA, ESQUIRE**
Florida Bar No.: 120471
212 North Laura Street
Jacksonville, Florida 32202
(904) 444-4444
(904) 508-0683 (facsimile)
*Attorneys for Plaintiff*
jmp@floridajustice.com
amy@floridajustice.com
george@floridajustice.com
catherine@floridajustice.com