JOSEPH MALDONADO,

      **Plaintiff,**

v.                        **Case No: 3:22-cv-18229-TKW-ZCB**

VINCE JOHNSON,

      **Defendant.**

_____/

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Vince Johnson, files this Motion for Judgment on the Pleadings concerning Plaintiff's Amended Complaint [Dkt. 39]. As the pleadings confirm: (1) this Court lacks personal jurisdiction over Defendant; (2) Plaintiff has no basis for pursuing any claims under the Copyright Act; and (3) "Injunctive Relief" is not a separate cause of action. Accordingly, Defendant is entitled to judgment on the pleadings.

Plaintiff asserts, through his Amended Complaint, the following causes of action[1] against Johnson: (II) Copyright Infringement; (V) Lanham Act violations; (VII) Fraudulent Misrepresentation; (XI) Breach of Contract; and (XII) Injunctive relief. Counts II, V, VII, and XII are all really attempts to plead copyright claims,

---

[1] All remaining causes of action against all other parties have been dismissed with prejudice. *See* [Dkts. 30, 35, & 43].

but Plaintiff is unable to plead any such claim. Copyright law is clear – to plead a claim the plaintiff must have a copyright registration and must assert that copyright registration. Plaintiff has not done that here because Plaintiff has no copyright registrations for any of the asserted works. As such, Johnson is entitled to judgment on the pleadings concerning Counts II, V, VII, and XII. Count XII (Injunctive relief) is also not a separate cause of action and Johnson is separately entitled to judgment on that basis as well.

Johnson is also entitled to judgment on all pleaded claims because he is not subject to personal jurisdiction in this Court. He has no contacts with Florida, let alone those sufficient to convey personal jurisdiction over him. As such, he is entitled to judgment in his favor on all claims asserted against him in the First Amended Complaint.

## I.    INTRODUCTION

This dispute is really a contract dispute between the parties as to what the terms and scope of any agreements they reached concerning Johnson's creation of certain songs. This dispute is not a copyright dispute because Plaintiff has no interest in any copyrights, and more importantly, has no copyright registrations. Rather, the present dispute arises from Plaintiff's claims that Johnson breached his obligations under certain agreements where Johnson supposedly transferred rights to certain musical works to Plaintiff. Plaintiff, who is currently incarcerated in Federal prison

upon his conviction for a failed "murder-for-hire" scheme (as well as other crimes), is simply seeking vengeance against any conceivable person he feels may have wronged him. Plaintiff seeks to take advantage of the United States judicial system and pursue hollow claims that have no merit in order to get payback against his enemies. Even worse, Plaintiff seeks to force his enemies into financial submission by pursuing his claims in federal court literally on the opposite side of the country from where Johnson (a resident of Washington state) is located.

Despite knowing that neither Plaintiff nor Johnson are residents of Florida, and that Johnson does not have sufficient contacts with Florida, Plaintiff still chose to file this action in this State and pursue frivolous claims that have no merit. In particular, Plaintiff frames the present dispute as centering around alleged infringement of Plaintiff's purported copyrights in the musical works that he does not own. Before even needing to address this ownership issue, a reasonable investigation would have revealed that Plaintiff's copyright infringement claims are precluded by his failure to obtain copyright registrations for any of the musical works at issue. Read in its best light, this dispute is simply a dispute over agreements entered into (verbally and otherwise) between Plaintiff and Johnson. But Johnson is not subjected to personal jurisdiction here, thus he is entitled to judgment on the pleadings.

## II.    BACKGROUND

Johnson is a small solo singer-songwriter who lives in Washington and is in the business of making and producing music for use by his clients. In addition to operating as a solo act, Johnson routinely partnered with Danny Clinton, now deceased, to form "The Clinton Johnson Band." Over the years, The Clinton Johnson Band wrote, sang, recorded, and produced various songs for use by their clients who requested a song be made with particular lyrics or themes.

In or around 2013, Plaintiff learned of The Clinton Johnson Band and sought to engage the band to write and produce certain musical works. It was understood that Plaintiff would merely provide a subject and a few details describing the type of song he wanted. The Clinton Johnson Band would then write and produce the song with no further input from Plaintiff. The parties reached a number of oral agreements whereby Johnson would write and record (with The Clinton Johnson Band) songs based on themes Plaintiff requested. Johnson would sell these works to Plaintiff with a different pricing structure based on what rights Plaintiff wanted. If Plaintiff wanted to use the song and still attribute it to Johnson and Clinton, there was one price. If Plaintiff wanted to use the song with no obligation to attribute it to Johnson and Clinton, there was a different price. Plaintiff never fully paid Johnson for the songs, so Plaintiff has no rights in them.

Throughout this litigation, Johnson has maintained his objections to personal jurisdiction in this State. Neither Plaintiff nor Johnson are residents of Florida, and

Johnson does not have sufficient minimum contacts with this State. Unrepresented by counsel, Johnson filed a document he found on the Northern District of Florida's site for *pro se* responses to complaints, and he wrote: "I have no contacts with Florida. I've never been there. Maldonado was a[n] Oklahoma resident who was captured in Florida." [Dkt. 54] at 3. Johnson further explained that the Court did not have personal jurisdiction over him. *See id*. at 4. Simply stated, Johnson is not subjected to personal jurisdiction in this Court, and Johnson is entitled to judgment on the pleadings. Substantively, Johnson is also entitled to judgment on Plaintiff's copyright-related claims because Plaintiff has no copyright registration, and thus is unable to pursue relief under the Copyright Act.

## III.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Carson v. Monsanto Co.,* 72 F.4th 1261, 1266 (11th Cir. 2023) (quotation omitted). "A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F.Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining a motion to dismiss, the Court should take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court is not, "however, required to accept the labels and legal conclusions in the complaint as true." *Id.* (quoting *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1261 (11th Cir.2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.

### 1. Personal Jurisdiction

"When reviewing a motion to dismiss for lack of personal jurisdiction, the Court must first determine 'whether the Florida long-arm statute provides a basis for personal jurisdiction.'" *FlexSteel Pipeline Techs., Inc. v. Chen*, 2020 WL 13189197,

at *1 (N.D. Fla. Feb. 18, 2020) (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)). "If so, the Court must then determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause." *Id*. (Internal quotation marks and citations omitted).

### 2. Pleading Copyright Claims

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 35 U.S.C. § 411. "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Estate Public Benefit Corp v. Wall-Street.com, LLC,* 139 S.Ct. 881, 887 (2019). Thus, absent any statutory exception (none of which are applicable here), a copyright plaintiff may not proceed on a copyright theory without a copyright registration. Plaintiff has not pleaded any registration (or even an attempt to pursue one). As such, Johnson is entitled to judgment on Plaintiff's copyright claims.

Courts regularly grant judgment on the pleadings when a plaintiff seeks to pursue a copyright claim without a copyright registration. *See Mai Larsen Designs v. Want2Scrap, LLC*, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019)("Because

Larsen's pleadings do not comply with Section 411(a)'s pre-suit registration requirement, the Court will dismiss Larsen's claim of copyright infringement."); *Boost Beauty, LLC. v. Woo Signatures, LLC.,* 2019 WL 2122984, at *3 (C.D. Cal. May 14, 2019)("Accordingly, the Court finds that plaintiff cannot bring its copyright infringement claims because the Copyright Office has not yet processed plaintiff's copyright application.").

## IV.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Defendant

Courts must use a two-step analysis for determining whether it may exercise jurisdiction over non-resident defendants: (i) whether Florida's long-arm statue, Fla. Sta. § 48.193, provides a basis for jurisdiction; and, if it does, (ii) whether the defendant had sufficient minimum contacts with the State of Florida such that the Fourteenth Amendment's Due Process Clause is satisfied. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Bond v. Ivy Tech State Coll.*, 2006 WL 306046, at *1 (11th Cir. 2006).

The Plaintiff bears the burden of establishing contacts by nonresident defendants sufficient to invoke the jurisdiction of the Court. *Stubbs v, Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To satisfy this burden, Plaintiff must put forth evidence and make a prima facie showing of personal jurisdiction. *Id.*; *Meier ex. Rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d

1264, 1268-69 (11th Cir. 2002). A Plaintiff must "present enough evidence to withstand a motion for directed verdict." *Meier*, 288 F.3d at 1269. Here, Plaintiff fails to meet this burden.

Johnson initially filed a *pro se* motion to dismiss on personal jurisdiction grounds. The Court granted Plaintiff an opportunity to respond to Johnson's personal jurisdiction arguments. *See* [Dkt. 25] at 3-4 ("It is not apparent from the allegations in the complaint that any of the acts and omissions giving rise to Plaintiff's claims occurred in Florida (much less this District) or that Johnson has sufficient 'minimum contacts' with Florida for this Court to exercise personal jurisdiction over him. … Thus, it appears that Johnson may be correct when he argues that the claims against him 'should not be heard in the State of Florida' – or at least not in this Court"). After receiving Plaintiff's brief, the Court granted Johnson's motion to dismiss for lack of personal jurisdiction. *See* [Dkt. 36] at 5 ("the Court finds that the claims against Johnson are due to be dismissed because, as currently pled, the complaint does not establish that this Court has personal jurisdiction over Johnson or that this District is a proper venue for the claims against him. The Court is skeptical that Plaintiff can overcome these deficiencies with the additional allegations in the supplemental response…"). Plaintiff then filed his Amended Complaint.

Through the Amended Complaint, Plaintiff argues personal jurisdiction is proper in this Court because: (1) the purported agreements between the parties' transferred rights to Plaintiff and Plaintiff, notwithstanding his incarceration outside of Florida, is somehow domiciled in Florida, *see* Amended Complaint, [Dkt. 39] at ¶ 10; (2) Johnson reached out to a Florida resident to formulate a business relationship to sell musical compositions in a transaction at issue in "an unrelated case", *see id*. at ¶ 11; (3) Johnson admitted he availed himself to Florida in an "unrelated case", *see id*. at ¶ 12; (4) the purported breach of contract occurred when Plaintiff was a resident of Florida, *see id*. at ¶ 13; (5) Johnson licensed the musical works to entities, including a Florida musician, *see id*. at ¶ 14; (6) Florida media has purportedly been misled, *see id*. at ¶15; and (7) Johnson committed a tortious act, namely copyright infringement which caused injury in Florida, *see id*. at ¶ 18.

None of these purported bases establish any act by Johnson directed at Florida. Instead, they all appear to be restatements that Plaintiff's purported injuries occurred in Florida because Plaintiff was a resident of Florida prior to his incarceration. But Plaintiff's Amended Complaint misses the mark because the standard is what did the defendant do to expose himself to the potential of defending himself in a forum on the other side of the country from where he lives. This Court does not have personal jurisdiction over this Washington defendant.

### 1.     Plaintiff Cannot Satisfy Florida's Long-Arm Statute

Florida's long-arm statute provides jurisdiction over claims of:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> …
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193.

Here, Plaintiff has neither stated a basis for this Court to find that Florida's long arm statute has been satisfied, nor has Plaintiff supplied facts sufficient to support such a basis. Instead, Plaintiff's Amended Complaint merely relies on vague statements that Defendant made during a deposition while unrepresented by counsel, or actions undertaken by third-parties not under any direction or control of Johnson.

"Under the Florida long-arm statute, a defendant can be subject to either general or specific personal jurisdiction in the state." *Valle v. 3M Co.*, 647 F. Supp. 3d 1262, 1267 (N.D. Fla. 2022). "To be subject to general personal jurisdiction, the defendant must be engaged in substantial and not isolated activity in the state." *Id.* (Internal quotations and citations omitted). In contrast, to be subject to specific

personal jurisdiction, the plaintiff's cause of action must arise from certain enumerated contacts the within the state. *Id.*, 647 F. Supp 3d at 1268.

General jurisdiction over an individual "is the individual's domicile." *See Goodyear Dunlop tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant is domiciled in Washington. As such, there is no general personal jurisdiction over Johnson in this Court.

Johnson is also not subject to specific personal jurisdiction because Plaintiff's causes of action do not arise from Johnson's purported contacts with Florida. Although Plaintiff contends that Johnson allegedly mislead Florida media (*see* Amended Compl. ¶ 15), the Amended Complaint does not plead *any* facts demonstrating that Defendant actively misled Orlando Weekly or Creative Loafing to further his "fake campaign to take credit for Maldonado's music." Defendant has never had any contact with Orlando Weekly or Creative Loafing and did not exercise any control over the writing or publishing of their articles which gave him credit for "I Saw A Tiger." Defendant also was not even aware of the articles' existence at the time they were published. Plaintiff cannot be allowed to support his allegations with bare statements and factual conclusions. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1318 (11th Cir. 2006) (explaining that when a party relies "solely on vague and conclusory allegations" in a complaint, such allegations are "insufficient to establish a prima facie case of personal jurisdiction"); *see also Oxford Asset Mgmt., Ltd. v.*

*Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (noting that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). Nor do Plaintiff's allegations relating to Carole Baskin change the result, as those allegations have nothing to do with Plaintiff's complaint here. Indeed, Plaintiff describes those issues as "unrelated." *See* Amended Complaint, [Dkt. 39] at ¶ 12. Specific personal jurisdiction looks at what actions a defendant did specifically related to the claims at issue. What a defendant did in an "unrelated" matter is not relevant to the specific personal jurisdiction question.

Moreover, Defendant permanently resides in Washington and therefore any other allegedly infringing contact, or alleged breach of the parties' agreements, would have occurred in Washington, not Florida. Plaintiff has not pleaded facts sufficient to show that Johnson engaged in any other specific activity in Florida that could have plausibly given rise to Plaintiff's claims.

### a. Paragraph (1) of Florida's Long-Arm Statute is Not Satisfied

Johnson has not engaged in any business activities in Florida. Plaintiff fails to allege any other business activity aimed at this state that satisfies its burden. As such, paragraph (1) of Florida's Long Arm Statute does not support jurisdiction over Johnson.

### b. Paragraphs (2) and (6) of Florida's Long-Arm Statute Do Not Justify an Exercise of Jurisdiction over Defendant

Plaintiff contends that he is a resident of Florida and was injured by the alleged breaches of contract and copyright infringement. However, Plaintiff does not appear to have been a resident of Florida prior to his incarceration and has not provided any evidence in the Amended Complaint to demonstrate that he was. The only apparent connection Plaintiff has to Florida is by way of its counsel, who is located in Jacksonville, Florida. More pressing, even if Plaintiff could establish some tie to Florida, simply entering into a contract does not convey personal jurisdiction. *See e.g. Herman v. Herman*, 306 So. 3d 168 (Fla. 2d DCA. 2020)("The due process requirement of minimum contacts is not satisfied by a showing that a party has entered into a contract with a non-resident…")(quotation omitted).

Further, Plaintiff has failed to demonstrate that the alleged copyright infringement[2] would be a tort within Florida. Johnson has been a resident of Washington since 2013 and therefore any tortious acts committed by Johnson would have taken place in Washington, not Florida. In view of the foregoing, it is clear that the conditions of paragraphs (2) and (6) of Florida's long-arm statute have not been satisfied. As such, this Court does not have personal jurisdiction over Johnson.

## 2. Plaintiff Cannot Satisfy Due Process

---

[2] As explained below, Plaintiff cannot plead a copyright infringement claim, so he also cannot base personal jurisdiction here on his improperly pleaded copyright infringement allegations.

Plaintiff cannot sustain his burden to demonstrate that this Court's exercise of jurisdiction would comport with Due Process. Johnson is a resident of Washington, and through his individual actions has not purposefully availed himself of the privilege of conducting activities within this State. *Burger King Corp. v. Rudzewicz*, 105 S. Ct. 2174, 2181-85 (1985). The "purposeful availment" requirement ensures— and demands—that a defendant not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Id.*, 105 S. Ct. at 2183. Plaintiff has not alleged any sufficient facts to show that Johnson can or should be subject to the personal jurisdiction of this Court. The exercise of personal jurisdiction, given the utter lack of connection to Florida, would certainly offend "traditional notions of fair play and justice" as required by the U.S. Constitution. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When determining whether Due Process considerations are satisfied, "a court properly focuses on 'the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Plaintiff does not point to any activities related to Plaintiff's purported breach of contract claims suggesting that Johnson directed any activity at the State of Florida.

Plaintiff has not shown, and cannot show, how an exercise of jurisdiction over Johnson would comport with the Constitutional requirement of sufficient minimum contacts with the State of Florida, such that the Due Process Clause's traditional

notion of fair play and substantial justice are not offended. Johnson is entitled to judgement on the pleadings because he is not subjected to personal jurisdiction in this forum.

### B. Owning a Copyright Registration is a Pre-Requisite to Bringing Suit for Copyright Infringement

"[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 35 U.S.C. § 411. "Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Estate Public Benefit Corp v. Wall-Street.com, LLC,* 139 S.Ct. 881, 887 (2019). Plaintiff does not plead any copyright registration, or any statutory exception, and thus Plaintiff cannot plead a copyright infringement claim. *Id.* ("Therefore, although an owner's rights exist apart from registration, see § 408(a), registration is akin to an administrative exhaustion requirement that the owner must satisfy ***before suing*** to enforce ownership rights.") (Emphasis added). Without a copyright registration, Plaintiff cannot bring his claims for copyright infringement.

Even if the Court were to permit a copyright infringement claim, which it can't in light of § 411 and *Fourth Estate,* Johnson is separately entitled to judgment on the pleadings relating to Plaintiff's claim for statutory damages and attorney's fees under the Copyright Act. *See* 17 U.S.C. § 412 (for actions based on untimely

registrations, "no award of statutory damages or of attorney's fees as provided by sections 504 and 505, shall be made"). Because Plaintiff does not own copyright registrations for the musical works, he is also barred from seeking these remedies under 17 U.S.C. § 504(c). "As a procedural matter, the plaintiff copyright owner must have registered the copyright prior to the infringement in order to obtain statutory damages." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990); 17 U.S.C. § 412 (1982). In *Duncanson v. Wathen*, 2016 WL 7319714 (M.D. Fla. Apr. 14, 2016), the court acknowledged that "a decision about whether to allow a claim for statutory damages and attorney's fees may be resolved at the motion to dismiss phase where it is apparent from the face of the complaint that § 412 would bar such remedies." *Duncanson*, 2016 WL 7319714, at *4. Likewise, the Court should award judgment on the pleadings to Johnson for Plaintiff's improperly pleaded claims for statutory damages and attorney's fees under the Copyright Act, since it is apparent from the face of the Amended Complaint that Plaintiff never obtained a copyright registration for any of the musical works.

### C. Injunctive Relief is Not a Cause of Action

Plaintiff avers a purported cause of action for "injunctive relief" in Count XII. "There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to

articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004)) "A request for an injunction seeks a remedy rather than stating a separate claim for relief." *Embrey v. USAA Cas. Ins. Co.,* 2010 WL 11601091, at *5 (S.D. Fla. Dec. 1, 2010). "[A] traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed—if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise." *Klay* , 376 F.3d at 1098.

Plaintiff does not assert a separate cause of action for the claim of injunctive relief. *See Talbot v. Anderson*, 2015 WL 13297966, at *7 (M.D. Fla. Aug. 17, 2015)("Injunctive relief may be a remedy for certain contract or tort claims, but it does not represent a separate and independent cause of action.")(citing *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005))).

Plaintiff bases its "injunctive relief" count on either trademark claims or copyright claims. *See* Amended Complaint [Dkt. 39] at ¶¶168-173. But Plaintiff has not pleaded any trademark claims, and as explained above, Plaintiff cannot plead any copyright claims. If Plaintiff intends to pursue trademark claims, he needs to plead them, explaining what trademarks, what body of law, and what actions supposedly infringe any of the rights associated with any trademarks. While Count

V is labeled as a "Lanham Act Violation," the actual substance of the allegations in that count are not trademark claims but are instead copyright claims. Indeed, Plaintiff cites to two (2) separate provisions of the Copyright Act (namely 17 U.S.C. § 502 and 505) in that count. The only allegation that may arguably be considered a Lanham act related allegation is paragraph 118. But that paragraph seeks to impose liability for using Plaintiff's supposed copyrighted work. Use of a copyrighted work does not establish a trademark claim. *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 38 (2003).

Without asserting a proper cause of action, Plaintiff's claim for injunctive relief is does not withstand scrutiny under Fed. R. Civ. P. 12(b)(6) . *See Alabama*, 424 F.3d at 1127 and *Klay*, 376 F.3d at 1097. Thus, Johnson is also entitled to judgment on the pleadings on Count XII.

## V. CONCLUSION

Johnson is entitled to judgment on the pleadings. He is not subjected to personal jurisdiction in this Court on Plaintiff's claims. And Plaintiff is unable to plead any copyright claims without a copyright registration.

## <u>LOCAL RULE 7.1(B) CERTIFICATION</u>

Pursuant to Local Rule 7.1(B), on December 12, 2023, the undersigned counsel conferred with counsel for Plaintiff on the requested relief, who stated he opposes the relief requested herein.

## <u>LOCAL RULE 7.1(F) AND 5.1(C) CERTIFICATION</u>

I HEREBY CERTIFY that this Motion complies with the applicable word count requirements of Local Rule 7.1(F) and contains 4,398 words, excluding the parts exempted by L.R. 7.1(F). This word count was calculated using the word-processing system of Microsoft Word.

This Motion also complies with the format requirements of Local Rule 5.1(C) and is double-spaced with 14-point font.

Dated:     December 13, 2023

By: */s/ Woodrow H. Pollack*

Woodrow H. Pollack
Florida Bar No. 26802
Brian J. Paul
Florida Bar No. 1018684
**SHUTTS & BOWEN, LLP**
4301 West Boy Scout Boulevard
Suite 300
Tampa, FL  33607
wpollack@shutts.com
bpaul@shutts.com
Telephone:     813-463-4894
Facsimile:     813-229-8901

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on <u>December 13, 2023</u> a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
